UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Graham, Jr., ) | |
| ) | C/A No. 6:12-2699-CMC-KFM |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| State Attorney General; Leroy Cartledge,) | |
| ) | |
| Respondents. ) | |
| ) | |
| _____) | |

Petitioner, Robert Graham, Jr. ("Petitioner"), a state prisoner in the Perry Correctional Institution of the South Carolina Department of Corrections in Pelzer, South Carolina, who is proceeding *pro se* and *in forma pauperis*, has filed this Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC for initial screening. Petitioner is serving a sentence of life imprisonment without parole for burglary, first degree (two counts), and grand larceny, after being convicted and sentenced in Florence County General Sessions Court on November 7, 1997. Having reviewed the instant Petition and applicable law, the Court finds that this § 2241 Petition should be summarily dismissed, without prejudice and without requiring Respondents to file a return, because this Court lacks jurisdiction to entertain it.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner has previously filed three § 2254 habeas petitions in this Court, challenging these same convictions and life sentence and challenging his prior April 9, 1991, convictions and twenty-year sentence which were considered by the state court on November 9, 1997, in imposing Petitioner's enhanced sentence pursuant to S.C. Code §

17-25-45, following Petitioner's jury trial in Florence County General Sessions Court.[1] In *Graham v. McCall*, C/A No. 6:10-376-MBS-KFM (D.S.C.), ("*McCall I*"), the respondent's motion for summary judgment was granted and Petitioner's habeas petition was dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1)(D). *See* Opinion and Order, *Graham v. McCall*, C/A No. 6:10-376-MBS-KFM (D.S.C. Feb. 11, 2011) ECF No. 46. The disposition in *McCall I* constituted a final adjudication on the merits determining the legality of Petitioner's current detention. *See* 28 U.S.C. § 2244(a); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts (applicable in § 2241 habeas actions also, pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases); *Slack v. McDaniel*, 529 U.S. 473, 485-89 (1999); *Harvey v. Horan*, 278 F.3d 370, 379-80 (4th Cir 2002) (abrogated on other grounds *Skinner v. Switzer*, 131 S.Ct. 1289, (2011)).

In *Graham v. South Carolina*, C/A No. 6:11-595-MBS-KFM (D.S.C.), Petitioner styled his pleading as a "Notice and Motion to Set Aside Judgment," stating that the motion was being brought under Federal Rule of Civil Procedure 60(b)(1-5). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the action was referred to the undersigned for review. On April 8, 2011, the undersigned ordered Petitioner to bring his action into proper form pursuant to 28 U.S.C. § 2254, by either paying the $5 habeas filing fee or submitting an Application for Leave to proceed *in form pauperis*. The proper form order noted that Petitioner was essentially challenging his underlying state

---

[1] The Court takes judicial notice of Petitioner's prior related proceedings in this district court. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

conviction and that the Court construed Petitioner's pleading as a § 2254 habeas petition. The undersigned also noted that despite Petitioner's attempt to file his action under Fed. R. Civ. P. 60(b), such motion was not applicable in Petitioner's action. On April 18, 2011, Petitioner filed a motion to dismiss the case without prejudice so that he could exhaust state remedies. On April 21, 2011, the undersigned issued a Report and Recommendation recommending that Petitioner's motion to dismiss be granted. Petitioner filed objections to the Report and Recommendation in which he clarified that his original action was brought pursuant to Rule 60(b) and urged the Court to grant relief. On February 15, 2012, the Court denied Petitioner's motion to dismiss as moot, based on the fact that in his objections, Petitioner asked the Court to consider his action on the merits. Further, the Court ordered Petitioner to bring the 28 U.S.C. § 2254 action into proper form within twenty-four (24) days. In the Order, the Court noted that if Petitioner failed to bring the case into proper form, the case would be dismissed pursuant to Fed. R. Civ. P. 41 for failure to comply with an order of the Court. Petitioner failed to bring the case into proper form within the required time period. On March 14, 2012, Petitioner filed a reply to the Court's Order, where he instead argued that he had properly filed his case as a Rule 60(b) motion. On April 10, 2012, Chief United States District Judge Margaret B. Seymour filed an Opinion and Order dismissing Petitioner's action without prejudice for failure to comply with an order of the Court pursuant to Fed. R. Civ. P. 41. *See* Opinion and Order, *Graham v. State of South Carolina*, C/A No. 6:11-595-MBS-KFM (D.S.C. Apr. 10, 2012) ECF No. 34.

In *Graham v. McCall*, C/A No. 6:12-1381-CMC-KFM (D.S.C.), ("*McCall II*"), filed on May 25, 2012, Petitioner again sought to challenge the validity of these same convictions

3

and his current custody by challenging the constitutionality of his prior state court convictions, entered on April 9, 1991, in Florence County, which were used to enhance Petitioner's sentence on November 7, 1997, pursuant to S.C. Code Ann. § 17-25-45, based on Petitioner's classification as a repeat serious offender. Petitioner alleged that, at his 1991 plea hearing, he "agreed to a sentence cap of twenty years" (C/A No. 12-1381, ECF No. 1-2, p. 3) and that "the negotiated plea agreement between Graham and counsel at 1991 hearing was that all sentences were to run concurrent with a twenty year cap" (C/A No. 12-1381, ECF No. 1-2, p. 5). Petitioner alleged five arguments, all of which revolved around a claim of ineffective assistance of his 1991 and 1997 trial counsel, which Petitioner attempted to tie to the recent United States Supreme Court case of *Missouri v. Frye*, 132 S. Ct. 1399 (Mar. 21, 2012). Petitioner also included allegations of prosecutorial misconduct at his 1997 trial and sentencing, the 1991 plea court's lack of subject matter jurisdiction, and a double jeopardy argument regarding his 1997 sentencing. Petitioner's five arguments were: (1) Petitioner's 1991 plea counsel was ineffective; (2) the prosecutor engaged in misconduct in 1997, and Petitioner's trial counsel was ineffective; (3) the 1991 plea court lacked subject matter jurisdiction; (4) the State committed a *Brady* violation in 1997; and (5) the 1991 plea court lacked subject matter jurisdiction. *See* C/A No. 12-1381, Petition, Arguments 1-5; ECF No. 1-2, p. 3-8. In the sections of his pleading entitled "AEDPA of 1996" (C/A No. 12-1381, ECF No. 1-2, p. 1) and "Final Analogy" (C/A No. 12-1381, ECF No. 1-2, p. 10-12), Petitioner asserted that he received ineffective assistance of counsel in 1991 and 1997 and asserted a cause and prejudice argument to attempt to overcome the procedural default/procedural bar issues that he faced. He alleged that the state appeal and PCR courts made decisions that were contrary to, or involved

4

unreasonable applications of, federal law, and/or we based on an unreasonable determination of the facts. Petitioner also alleged an equitable tolling argument, asserting that his Petition was timely because "the Antiterrorism and Effective Death Penalty Act of 1996 does not speak to the questions and substantial claims raised, and presented here and thus does not bar Graham from asserting attorney error as cause for procedural default." *See* C/A No. 12-1381, Petition, Final Analogy; ECF No. 1-2, p. 12. In an Opinion and Order dated July 16, 2012 (C/A No. 12-1381, ECF No. 19), United States District Judge Cameron McGowan Currie, dismissed the petition in *McCall II*, without prejudice and without issuance and service of process upon the respondent, because Petitioner had not secured permission from the United States Fourth Circuit Court of Appeals to file a second or successive petition before filing his § 2254 habeas petition in *McCall II*. Petitioner's failure to comply with the provisions of 28 U.S.C. § 2244(b)(3), which place specific restrictions on second or successive § 2254 petitions, deprived this Court of jurisdiction to hear Petitioner's successive § 2254 petition.

In the instant § 2241 Petition, Petitioner once again seeks to challenge the same convictions and sentence of life imprisonment without parole, as he did in *McCall I and II* and *Graham v. South Carolina*. Petitioner alleges eight grounds or arguments: (1) excessive sentence because petitioner did not factually and legally have two or more prior convictions as presented by the sentencing court on Nov 7, 1997[;] the life w/out parole [sentence] was excessive [because Petitioner's prior convictions] . . . were all a part of [Petitioner's] April 9, 1991 20- year negotiated pleas[,] not two or more prior convictions [under S.C. Code § 17-25-45]; (2) miscalculated sentence because petitioner . . . did not meet . . . require[ment]s under recidivist statute [S.C. Code § 17-25-45 and the] court's

5

calculation of prison time [of] life without parole was outside guidelines; (3) loss of work credits because court misinterpreted the requirements of SC Code Ann 17-25-45(H) at sentencing [;] petitioner does not qualify for custody reduction, work release, county jails, good time, early release [;] under [S.C. Code §] 17-25-50, sentencing courts are prohibited from charge stacking in order to gain excessive sentences, if petitioner had been sentenced under the original charge for second degree it was non[] violent and [Petitioner] could only be sentenced [to] 15 years; (4) evidence shows Petitioner at 1997 trial did not[,] for sentencing purposes[,] have [two or more] priors, petitioner is serving an illegal, excessive miscalculated sentence , which exceeds the guidelines promulgated by the United States Supreme Court, and Federal guidelines for sentencing under recidivist statute S.C. Code Ann. § 17-25-45(H); (5) Exceptional Grossly [Dis]Proportionate Sentence Enhancement Beyond The Maximum Penalty Described By State And Federal Statutory Law, To Include The United States Supreme Court[;] Petitioner's name does not appear on the notice of state's intent to seek life without possibility of parole under 17-25-45(H); (6) Unconstitutional Sentence Enhancement[;] Petitioner was charged, and pled to above April 9, 1991 offenses at the same time involving burglary into a dwelling.  The necessary aggravating circumstances mandated to secure a sentence enhancement were never submitted to the jury . . .  This deprived court of recidivist enhancement authority under *Blakely v. Washington*; (7) [Petitioner's] Offense Involving Conduct Th[at] Presents A Serious Potential Risk Of Physical Injury As Attempted By State To Establish In The Vague Language Of Both April 9, 1991 Guilty Plea, And The Second Nov. 7, 1997 Trial Fails Muster Test[;] SC second degree burglary does not categorically [qualify] as a [crime of violence] under *United States v. Mosely*, 575 F.3d 603, 606 (6th Cir. 2009) quoting

*Begay v. United States*, 553 U.S. 137, 128 S.Ct. 158, 1585, 170 L.Ed.2d 490 (2008); (8) *Missouri v. Frye* Decided Mar. 21, 2012; *Martinez v. Ryan* Decided Mar. 20, 2012.  *See* ECF No. 1, p. 8-10; ECF No. 1-1, p. 1-5.  Petitioner attaches to his Petition a "Motion In Support Of 2241 Motion Under 28 USC 2241 For Re-Sentencing Under FRCP 35."  ECF No. 1-4.[2]  As to the relief he seeks, Petitioner alleges that he wants this Court to make a "proper[] calculation of what amount of time the [state] court could sentence him fo[r] as mandated under SC Code Ann 17-25-45(H) and to find/rule that the sentence [of] life w/out parole is excessive because indictments listed in exhibit # 1 reflect one (1) disposition not three."  ECF No. 1, p. 9-10.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition.  This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

---

[2] Rule 35 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P. 35") concerns the correction or reduction of a sentence in a criminal case in federal district court.  While Fed. R. Crim. P. 35 does not apply to the instant habeas case concerning Petitioner's state court judgment of conviction, as an attachment to the Petition in this case, the Court liberally construes Petitioner's "Memorandum of Law and Facts in Support of Motion" as a brief in support of Petitioner's habeas claims.

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 habeas petitions pursuant to Rule 1(b) of the Rules). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The styling or captioning of the instant Petition as a § 2241 Petition will not enable this Court to address Petitioner's § 2254 claims. Petitioner's claims challenging the validity of his state criminal convictions are cognizable only under 28 U.S.C. § 2254, not § 2241. *See* 28 U.S.C. § 2254(a) (applicable to "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court"). Prisoners who are in

custody under a state court judgment may not proceed under § 2241 in an attempt to circumvent the procedural requirements applicable to § 2254, such as the restrictions on second or successive petitions.  See 28 U.S.C. § 2244; *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."), which is cited in *Ferrell v. Warden of Lieber Corr. Inst.*, C.A. No. 9:10-1223-CMC-BM, 2010 WL 3258297, at *2 (D.S.C. June 28, 2010), adopted, 2010 WL 3258295 (D.S.C. Aug. 16, 2010).  *Thomas v. Crosby* was also cited by the Honorable Henry F. Floyd, (then) United States District Judge, in *Rochester v. Reynolds*, Civil Action No, 8:10-1879-HFF-BHH, 2010 WL 3786193, at *2 (D.S.C. Sept. 21, 2010) (collecting cases), appeal dismissed, 412 F. App'x. 571, 2011 WL 64126 (4th Cir. 2011); *cf. Gregory v. Coleman*, 218 F. App'x. 266, 267 n. 1, 2007 WL 570522 (4th Cir. 2007) (noting disagreements among other United States Courts of Appeals as to whether 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his or her underlying state court conviction).

Moreover, the claims raised by Petitioner in the instant case are successive § 2254 claims.  As noted above, the standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); *see also Tyler v. Cain*, 533 U.S. 656 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA); *In re Williams*, 444 F.3d 233, 236 (4th Cir.2006).

9

Because *McCall I* was decided by summary judgment, the instant § 2241 Petition is successive, as were Petitioner's previous § 2254 petitions in *Graham v South Carolina* and *McCall II*.  The issue of successiveness of a habeas petition may be raised by the court *sua sponte*.  *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 8, 2010).

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

There is no indication in the present Petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the instant Petition.  Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions.  *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus [or the equivalent thereof] or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.").

The Petition filed in this case should be summarily dismissed because it is, in actuality, a successive § 2254 petition. Petitioner has not requested and received permission from the United States Fourth Circuit Court of Appeals before submitting it to this Court, consequently, this Court lacks jurisdiction to hear it.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed without prejudice and without requiring Respondent to file a return. Petitioner's attention is directed to the important notice on the next page.


November 29, 2012                                           s/ Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 East Washington Street, Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).